# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cv117

| | |
|---|---|
| NATASHA SINCLAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| MOBILE 360, INC.; AUTO ) | |
| ADVANTAGE, INC.; KEVIN ) | |
| GEAGAN; and GERALD ELDRIDGE, ) | |
| ) | |
| Defendants and ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| Vs. ) | |
| ) | |
| MICHAEL KITCHEN, ) | |
| ) | |
| Third-Party Defendant ) | |
| and Counter Claimant, ) | |
| ) | |
| Vs. ) | |
| ) | |
| MOBILE 360, INC.; AUTO ) | |
| ADVANTAGE, INC.; KEVIN ) | |
| GEAGAN; and GERALD ELDRIDGE, ) | |
| ) | |
| Counter Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon defendants' Motion to Dismiss. On June 21, 2007, plaintiff filed her response, arguing that defendants had, in moving to dismiss, failed to consider the allegations of her Complaint as true. Defendants' reply to such motion was due to be filed not later than July 5, 2007, and defendants neither filed a reply nor filed a written notice within such time that they did not intend to file

1

a reply as required. See LCvR 7.1(B). Having carefully considered defendants' motion and plaintiff's response, and finding that plaintiff has made sufficient allegations of fact in support of her claims, the undersigned will recommend that defendants' Motion to Dismiss be denied, and enters the following findings, conclusions, and Recommendation.

## FINDINGS AND CONCLUSIONS

**I.  Applicable Standard**

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6), Federal Rules of Civil Procedure, authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiff's complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc.,

248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motion, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

## II. Factual Allegations of the Complaint

Plaintiff brings this action under the *Equal Pay Act* and the *Fair Labor Standards Act,* Complaint, at ¶ 2, and has also asserted certain supplemental state law claims. In this action, plaintiff contends that she was employed by defendants and performed various services for defendants, but that they failed to pay her any regular or overtime wages for the work performed. Id., at ¶ 1. Plaintiff alleges that

Defendants Geagan and Eldridge acted as her employers or in her employer's interest by supervising her work, setting and enforcing work schedules, training her, providing her with tools, equipment, and vehicles to be used by plaintiff in her performance of her work for defendants, and otherwise permitted her to work for defendants without paying her any regular or overtime wages. Id., at ¶ 16. She further alleges that she performed manual labor for defendants, primarily doing body repair and painting vehicles off premises at defendants' customers' businesses. Id., at ¶ 21. She alleges that she was promised $12 an hour as a trainee and $60 an hour as a technician. Id., at ¶ 22. She contends that she worked for defendants starting in September 2005 and ending in February 2006. Id., at ¶¶ 25 & 26. Plaintiff alleged that when she asked for her pay she was told by defendants that there was no money to pay her and that the men had to be paid first, id., at ¶¶ 26 & 27, and that defendants attempted to get her to release her claim for wages by accepting equipment, which she refused to do. Id., at ¶ 28.

## III. Plaintiff's Causes of Action

Based on such allegations of fact, plaintiff asserts the following causes of action:

(1) First Claim for Relief: Violation of State Wage and Hour Act as to All Defendants;

(2) Second Claim for Relief: Violation of the Fair Labor Standards Act Against as to All Defendants;

(3) Third Claim for Relief: Violation of the Equal pay Act as to All

Defendants; and

(4) Fourth Claim for Relief: Breach of Contract as to Defendants Auto Advantage and Mobile 360.

## IV. Defendants' Motion to Dismiss

In their motion, defendants seek to "dismiss this action" pursuant to Rule 12(b)(6), contending that plaintiff has failed to state claims upon which relief can be granted. Defendants state that such motion is based on

> the following grounds:
> 1. The Plaintiff was never employed by any of the Defendants.
> 2. The Complaint fails to establish that any of the Defendants were ever the "Employer" of the Plaintiff or that Plaintiff was ever "employed" by any of the Defendants.
> 3. That prior to late November 2005, when the Plaintiff showed up at the office of Defendant Mobile 360, Inc. demanding payment for her work, neither Defendant Mr. Geagan nor Defendant Mr. Eldridge had ever met the Plaintiff or had any knowledge that the Plaintiff was working, or claimed to be working, with her boyfriend, Michael Kitchen, who was an independent contractor for Defendant Mobile 360, Inc. from approximately July 2005 through December 2005.
> 4. The Complaint, in whole, is comprised of conclusory allegations containing no factual support to establish the time, place or manner in which the Defendants allegedly committed the acts complained of.
> 5. The Plaintiff's action is time barred in that the Plaintiff filed her Charge of Discrimination more than 180 days after the alleged unlawful employment practice. Specifically, the Plaintiff contends that her last day of employment was February 2006; however, she had not filed her Charge of Discrimination until January 2007.

Motion to Dismiss, Docket Entry 5, at 1. The undersigned will consider each of these arguments *seriatim*.

### A. Plaintiff was Never Employed by Defendants

The premise of defendants' argument is fundamentally flawed because plaintiff has clearly <u>alleged</u> that she was employed by defendants. Defendants have now

5

alleged that she was not employed by them. While that may well be so, Rule 12(b)(6) is not, however, a vehicle for testing the veracity of plaintiff's allegations or for the court to determine who is more credible. Defendants' argument flies in the face of the established standards for determining a Motion to Dismiss under Rule 12(b)(6) in that the court as well as defendants must deem plaintiff's factual allegations as true.

B. **The Complaint Fails to "Establish" that any of the Defendants were Plaintiff's Employers**

Defendants' second argument is that plaintiff fails to "establish" that any of the defendants were her employers. The fundamental flaw with this argument is that plaintiff is under absolutely no duty to "establish" anything at this point, but is only required under notice pleading to assert "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed.R.Civ.P. 8(a)(2).

As discussed above, dismissal of a complaint is only proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiff's complaint could support the asserted claim for relief. <u>Taubman Realty Group LLP v. Mineta</u>, 320 F. 3d 475, 479 (4th Cir. 2003). Here, plaintiff has alleged that defendants employed her, agreed to pay her for her time, and failed to pay her promised wages. Further, plaintiff alleges that defendants were engaged in interstate commerce. Such allegations are sufficient to support each of the four claims for relief asserted in her Complaint.

### C. Defendants Lack of Knowledge of Plaintiff's Work

Defendants next argue that the Complaint should be dismissed because they had no knowledge prior to late December 2005 that "Plaintiff was working, or claimed to be working, with her boyfriend, Michael Kitchen, who was an independent contractor for Defendant Mobile 360, Inc." Memorandum in Support, Docket Entry 6, at 2. Again, these contentions are those of the defendants, not plaintiff. Defendants contrary version of the facts may well be a basis for moving for summary judgment, but it simply cannot support a Rule 12(b)(6) motion.

In further support of this argument, defendants contend that the Complaint should be dismissed because

> the position of Auto Body Fleet Technician, which the Plaintiff claims she held, does not even exist at Defendant Auto Advantage, the Complaint is deficient in stating a claim against the Defendants on which relief may be granted.

Id., at 3. Again, the court is constrained on a Rule 12(b)(6) motion to construe the allegations of the Complaint as true, but cannot construe defendants' denials of those allegations as true. Further, the argument that the position does not exist is drawn directly from defendants' "Thirteenth Further Answer and Defense," in which defendants assert that "[t]he position of auto body fleet technician, which the Plaintiff claims she held, does not even exist at Defendant Auto Advantage." Answer, Docket Entry 7, at 9. Such affirmative defense is not a basis for a Rule 12(b)(6) dismissal inasmuch as this court is without knowledge and cannot make findings of credibility on a Rule 12(b)(6) motion. Indeed, it does not even appear that such Answer or affirmative defense is verified, which would make this contention inadmissible even

if the motion were converted to one for summary judgment. Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993). Under Rule 12(b)(6), simply claiming a fact is so does not make it so under Rule 12(b)(6) for the moving party.

### D. Time, Place, and Manner

Defendants next argues that the Complaint, in whole, is comprised of conclusory allegations containing no factual support to establish the time, place or manner in which the Defendants allegedly committed the alleged acts. They further argue in their brief that because plaintiff failed to allege the "time, place, or circumstances" of defendants violations with specificity, the Complaint must be dismissed. Memorandum in Support, Docket Entry 6, at 3.

Defendants cite no authority in support of this argument, and the court has assumed that the argument is based on Rule 9(f), Federal Rules of Civil Procedure, which requires, as follows:

> **(f) Time and Place.**
> For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter.

Fed.R.Civ.P. 9(f). The defendants' basis for contending in the motion that "manner" and in the brief that "circumstances" must be alleged with specificity is unknown. As to the specificity requirements of Rule 9, such requirement is in place "to make ascertainable whether a cause of action is barred by the statute of limitations . . . ." Kincheloe v. Farmer, 214 F.2d 604, 605 (7th Cir. 1954). In this case, defendants have failed to show how the month and year rather than the month, **day**, and year have hinder them in determining whether this action is barred by any statute of

limitations. Indeed, it does not appear that any statute of limitations, other than one that would not be dependent on the actual first or last day worked (discussed *infra*), comes into play in this 2007 action for unpaid wages in 2005 and 2006. The undersigned finds that plaintiff's allegations of month and year as to both the start and termination of her alleged employment is sufficiently plead and can be further explored during discovery.

### E. Barred for Failure to File Complaint with EEOC within 180 Days

Finally, defendants contends that this entire action is time barred because plaintiff failed to file her charge of discrimination within 180 days of the alleged unlawful employment practice, in that her last day of employment was February 2006, and she did not file her charge of discrimination until January 2007. Again, defendants have failed to cite the court to any case law or statutory authority in support of this argument, which falls below the standard of practice in this court.

The court can find absolutely no requirement under the FLSA or the EPA that a plaintiff first file an administrative claim with the EEOC. Indeed, unless plaintiff were to bring a claim under Title VII of the Civil Rights Act of 1964, she is under absolutely no obligation to exhaust her administrative remedies and her alleged failure to file an administrative claim with 180 days of the unlawful employment practice would be of no moment. Indeed, even the United States Supreme Court has recognized this fundamental distinction between Title VII and the EPA, holding that "the Equal Pay Act, unlike Title VII, has no requirement of filing administrative complaints and awaiting administrative conciliation efforts." County of Washington

9

v. Gunter, 452 U.S. 161, 175, fn. 14 (1981). As to the FLSA claim, the Supreme Court has been equally clear, holding that

> The statutory enforcement scheme grants individual employees broad access to the courts. Section 16(b) of the Act, 29 U.S.C. § 216(b), which contains the principal enforcement provisions, permits an aggrieved employee to bring his statutory wage and hour claim "in any Federal or State court of competent jurisdiction." No exhaustion requirement or other procedural barriers are set up, and no other forum for enforcement of statutory rights is referred to or created by the statute.

Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 740 (1981) (foot note omitted).

Inasmuch as defendants have moved to dismiss "all actions," there is no case law that would support a theory that a state law breach of contract claim is conditioned on either exhaustion before the EEOC or timely filing a charge within 180 days with the EEOC.

### F. Breach of Contract Claim

While not set forth in the motion as one of the five grounds for dismissal, defendants have argued in their brief that plaintiff's cause of action for breach of contract should be dismissed because "the Complaint fails to allege specific facts describing the time, place, or manner in which Defendants breached a contract with plaintiff." Memorandum in Support, Docket Entry 6, at 4. Defendants contend that plaintiff has failed to state a claim because she failed to identify the person with whom she discussed her alleged rate of pay and identify the number of hours she worked each week, and that because of these deficiencies it "cannot survive scrutiny under Rule 12(b)(6) . . . ." While addressing the underlying arguments, plaintiff has

failed to specifically address this argument in its responsive brief.

To assert a breach of contract claim, plaintiffs must allege the (1) existence of a valid contract and (2) breach of the terms of that contract. Poor v. Hill, 138 N.C.App. 19, 26 (2000). The North Carolina Court of Appeals has held that

> To allege a claim for a breach of contract, a plaintiff must allege facts showing the existence of a valid contract, and facts showing there has been a breach of the terms of the contract. When a complaint alleges each of these elements, we have held that it is error to dismiss a breach of contract claim under Rule 12(b)(6).

Bowen v. Parker, 2006 WL 1321159, *2 (N.C.App.2006).

In addition to earlier factual allegations, review of the Complaint reveals that plaintiff has made the following allegations in her Fourth Claim for Relief:

> 68. Alternatively, Defendants entered into an agreement with Plaintiff to pay her $12 per regular hour, and $18 per overtime hour as a trainee.
> 69. Defendants also agreed that once Plaintiff became a technician, she would be paid $60 per regular hour, and $90 per overtime hour.
> 70. Plaintiff became a technician soon after she began working for Defendants in September 2005.
> 71. Plaintiff worked hundreds of regular hours and hundreds of overtime hours, and was never paid anything by Defendants.
> 72. Defendants materially breached their contract with Plaintiffs and failed to pay her any sums for the work she performed.
> 73. Defendants' material breach has caused damage to Plaintiff.

Complaint, at ¶ ¶ 68-72. Paragraphs 68 through 69 satisfy the requirement that "plaintiff must allege facts showing the existence of a valid contract," while paragraphs 70 through 73 satisfactory allege "facts showing there has been a breach of the terms of the contract." Bowen, supra. Defendants attempts to superimpose a heightened pleading standard for a common law contract claim are unsupportable as

**11**

a matter of law.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendants' Motion to Dismiss (#5) be **DENIED** and, it appearing that issues have otherwise joined, that the parties be directed to conduct an Initial Attorneys Conference within 14 days of disposition of this motion and file their Certificate of Initial Attorneys Conference within 5 days thereof.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: July 16, 2007

Dennis L. Howell
United States Magistrate Judge

12