IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07cv117

| | |
|---|---|
| NATASHA SINCLAIR, )<br>)<br>    Plaintiff, )<br>)<br>Vs. )<br>)<br>MOBILE 360, INC.; AUTO )<br>ADVANTAGE, INC.; KEVIN )<br>GEAGAN; and GERALD ELDRIDGE, )<br>)<br>    Defendants and )<br>    Third-Party Plaintiffs, )<br>)<br>Vs. )<br>)<br>MICHAEL KITCHEN, )<br>)<br>    Third-Party Defendant )<br>    and Counter Claimant, )<br>)<br>Vs. )<br>)<br>MOBILE 360, INC.; AUTO )<br>ADVANTAGE, INC.; KEVIN )<br>GEAGAN; and GERALD ELDRIDGE, )<br>)<br>    Counter Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on defendants' Motion for Attorneys' Fees and Expenses (#95). Inasmuch as plaintiff and third-party defendant are proceeding *pro se*, the court will advise them of the procedures applicable to such motion. In doing so, however, the court has determined that this matter should proceed before the Clerk of this court in accordance with Local Civil Rules 54.1.

**1**

While defendants have made a good faith argument that attorneys fees should be awarded under Rule 54, Federal Rules of Civil Procedure, there is no statutory basis for departing from the traditional *American Rule*, which requires all parties to bare their own attorneys fees. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). While the FLSA provides fees for prevailing plaintiffs, there is no provision for prevailing defendants or "prevailing parties," and such absence from the statutory scheme speaks volumes as to the intent of Congress inasmuch as it has made provision in other statutory schemes for the fees of prevailing *defendants* as well as prevailing *parties*. See 42 U.S.C. § 1998. The United States Supreme Court has held such use to be controlling: "[i]n designating those parties eligible for an award of litigation costs, Congress employed the term 'prevailing party,' a legal term of art." Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 603 (2001).

As to the inherent power of the court to award fees, this ability to impose fees is well explained in Dattner v. Conagra Foods, Inc., 458 F.3d 98, 102 (2nd Cir. 2006), where the Court of Appeals for the Second Circuit explained, as follows:

> Although a defendant who successfully obtains a dismissal on *forum non conveniens* grounds is not a "prevailing party" entitled to costs under Rule 54(d), we note that a district court may still, in appropriate circumstances, award costs to such a defendant pursuant to its inherent authority. Of course, the exercise of such authority requires the court to find that the plaintiff acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal quotation marks omitted); *accord Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir.1992) (holding that district court may, pursuant to its inherent

authority, impose attorney's fees on unsuccessful pro se litigant if litigant acts in bad faith, vexatiously, wantonly, or for oppressive reasons); *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir.1991) ("One component of a court's inherent power is the power to assess costs and attorneys' fees against either the client or his attorney where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (internal quotation marks omitted)).

Id., at 103 -104. In this case, the non-prevailing parties were represented by counsel until nearly the end of the litigation and it cannot be said that any of his efforts in bringing or maintaining this case were vexatious or frivolous. Indeed, all counsel in this matter provided excellent and thorough representation.

In order to find this case to be within the realm of litigation deserving of the exercise of the court's inherent authority to award fees, the court would have to find that plaintiff or the third-party defendant acted in bad faith, vexatiously, wantonly, or for oppressive reasons. In arguing that the court should do just that, defendants have relied on the arguments they asserted in the Motion to Dismiss, which this court did not reach inasmuch as defendants were able to show they were entitled to summary judgment as a matter of law. Thus, to award fees, the court would be required to revisit defendants' Motion to Dismiss, which sought dismissal under Rule 41 as a sanction for the *pro se* litigants' purported propagation of false discovery materials. The court did not reach such issue inasmuch as it was clear on the evidence then before the court that summary judgment on the merits was appropriate. See Memorandum of Decision.

Although defendants have presented a strong argument that these *pro se* litigants created and submitted false evidence, to make such determination at this

point in the litigation would require the court to relitigate this matter:

> We have also stated that "[a] request for attorney's fees should not result in a second major litigation," *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), and have accordingly avoided an interpretation of the fee-shifting statutes that would have "spawn[ed] a second litigation of significant dimension," *Garland*, *supra*, at 791, 109 S.Ct. 1486.

Buckhannon Bd. and Care Home, Inc., supra. Having recently conducted review of this matter in accordance with Rule 56, Federal Rules of Civil Procedure, and being very familiar with the facts as therein presented, the court cannot find on the record that was then before the court that plaintiff or the third-party defendant acted in bad faith, vexatiously, wantonly, or for oppressive reasons in their bringing of this action or in their maintenance of this action up through summary judgment. The allegations of the Motion to Dismiss are, without doubt, some of the most troubling allegations that can be made; however, the court did not rely on such materials or the resulting motion in deciding the matter on the merits. As a result, the court is not in a position to reach such motion for attorneys fees without engaging in substantial additional proceedings, which would likely include void dire of the litigants, calling defendants' former counsel to give testimony, and advising the plaintiff and third-party defendant of their rights under Miranda before they gave further testimony. Clearly, taking such tact would run the court headlong into admonition found in Buckhannon Bd. and Care Home, Inc., supra, which counsels avoidance of a second major litigation.

This is not to say that the issues raised in the Motion to Dismiss are not important and do not strike at the heart of the judicial process. If the allegations are true, the plaintiff and third-party defendant have exposed themselves to possible

4

criminal prosecution. The court would advise counsel for defendants that if they believe they have evidence of criminal misconduct, they should bring such to the attention of the United States Attorney. Byrd v. Hopson, 108 Fed.Appx. 749 (4th Cir. 2004)

\* \* \*

Turning next to defendant's Motion for Expenses and costs, this district vests resolution of such issues to Clerk of this court. Inasmuch as plaintiff and third party defendant are proceeding *pro se*, the court will instruct them that there are certain deadlines and requirements in a proceeding before the Clerk such a motion, and that such is specifically governed by Local Civil Rule 54.1, which the court will set out in its entirety to aid the pro se parties:

**LCvR 54.1 TAXATION OF COSTS OTHER THAN ATTORNEYS' FEES.**

**(A)** *Filing Bill of Costs.* A prevailing party may request the Clerk of Court to tax allowable costs, other than attorneys' fees, in a civil action as a part of a judgment or decree by electronically filing a bill of costs on a form available from the Clerk of Court, within thirty (30) days after:
  **(1)** the expiration of time allowed for appeal of a final judgment or decree; or
  **(2)** receipt by the Clerk of Court of the mandate or other Order terminating the action on appeal.
**(B)** *Electronic Filing of the Bill of Costs.* The original of the bill of costs shall be filed electronically with the Clerk of Court, with copies served on adverse parties via NEF or mail as set forth in these Local Rules and by the Administrative Procedures.
**(C)** *Failure to File.* The failure of a prevailing party to timely file a bill of costs shall constitute a waiver of any claim for costs.
**(D)** *Objections to Bill of Costs.* If an adverse party objects to the

bill of costs or any item claimed by a prevailing party, that party may file an objection to the bill of costs with supporting brief within ten (10) days after the electronic filing of the bill of costs. Within five (5) days thereafter, the prevailing party may electronically file a response with brief to any filed objections. Unless a hearing is ordered by the Clerk of Court, a ruling will be made by the Clerk of Court on the record.

**(E)** *Objections to the Ruling of the Clerk of Court.* A party may request review of the Clerk of Court's ruling by electronically filing a motion within five (5) days after the action of the Clerk of Court. The Court's review of the Clerk of Court's action will be made on the existing record unless otherwise ordered.

**(F)** *Taxable Costs.* Items normally taxed include, without limitation:
> **(1)** those items specifically listed on the bill of costs form. The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include only the reporter's attendance fee and charge for the original transcript of the deposition;
> **(2)** premiums on required bonds;
> **(3)** actual mileage, subsistence, and attendance allowances for necessary witnesses at actual cost, but not to exceed the applicable statutory rates, whether they reside in or out of this district; and
> **(4)** one copy of the trial transcript for each party represented by separate counsel.

**(G)** *Non-Taxable Costs.* Items normally not taxed include, without limitation:
> **(1)** multiple copies of depositions;
> **(2)** daily copy of trial transcripts, unless prior Court approval has been obtained; and
> **(3)** copies of documents filed electronically.

**(H)** *Costs in Settlements.* The Court will not tax costs in any action terminated by compromise or settlement. Settlement agreements must resolve any issue relating to costs. In the absence of specific agreement, each party will bear its own costs.

**(I)** *Payment of Costs.* Costs are not to be paid to the Clerk of Court, but are to be paid directly to the party entitled to reimbursement.

L.Cv.R. 54.1 (W.D.N.C. 2008).

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion for Attorneys' Fees and Expenses (#95) is **DENIED** as to attorneys fees and the petition for expenses and costs is respectfully **REFERRED** to the Clerk of this court for disposition.

Signed: February 9, 2009

Dennis L. Howell
United States Magistrate Judge